◼ NICHOLAS CASSIERI et al., Respondents, v. HOUSTON MOTORS AUTO LEASING, INC., Appellant.— Order, entered July 10, 1961, insofar as it denies a motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law and on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs. This action was brought to recover for personal injuries and property damage alleged to have been caused by negligence in the operation of an automobile owned by the defendant. The accident occurred on May 11, 1957 and the summons was not served until May 10, 1960. Thereafter, on May 18, 1960, the defendant served a notice of appearance and a demand for the complaint, but the complaint was not served until May 22, 1961. The inordinate delay in the service of the complaint is not sufficiently explained, and the plaintiffs do not submit any affidavits tending to show that they do in fact have a meritorious cause of action. Under the circumstances, it was an improvident exercise of discretion to deny the motion to dismiss the action for the unreasonable neglect of plaintiff to proceed with the prosecution thereof. (Civ. Prac. Act, § 181; cf. *Threewitts* v. *Almanzar*, 11 A D 2d 981; *Gray* v. *Yale Transp. Corp.*, 11 A D 2d 1072; *Randolph* v. *Gotham Constr. Corp.*, 12 A D 2d 478; *Wavrovics* v. *City of New York*, 13 A D 2d 738.) Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

◼ BARBARA CASILLAS, as Guardian ad Litem for EARL G. WILLIAMS, an Infant, Respondent, v. FLORENCE PACE, Appellant.— Order, entered on August 25, 1961, granting the plaintiff's motion to remove the action to the Supreme Court, unanimously reversed, on the law, the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied. The moving papers do not demonstrate that the jurisdiction of the Municipal Court is insufficient to permit an award adequate to compensate for the injuries allegedly sustained. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

◼ (A) THE PEOPLE OF THE STATE OF NEW YORK v. SAMUEL GIBSON. (B) THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT DAVIS. (C) THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT HUGHES, JR. (D) THE PEOPLE OF THE STATE OF NEW YORK v. ALFRED J. FASCHINO. (E) THE PEOPLE OF THE STATE OF NEW YORK v. ROSARIO DI MAGGIO. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ. (F) THE PEOPLE OF THE STATE OF NEW YORK v. GODFREY LOZADO. (G) THE PEOPLE OF THE STATE OF NEW YORK v. JAMES LEAK. (H) THE PEOPLE OF THE STATE OF NEW YORK v. THEODORE M. TAYLOR, JR. (I) THE PEOPLE OF THE STATE OF NEW YORK v. THEODORE FERRARA. (J) THE PEOPLE OF THE STATE OF NEW YORK v. DOMINGO COLON. (K) THE PEOPLE OF THE STATE OF NEW YORK v. TED L. WILSON. (L) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM CHAPMAN. (M) THE PEOPLE OF THE STATE OF NEW YORK v. RAYMOND DIAZ. (N) THE PEOPLE OF THE STATE OF NEW YORK v. JULIO VEGA DIAZ. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ. (O) THE PEOPLE OF THE STATE OF NEW YORK v. CHARLES COOPER. (P) THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH VILADESAU.— [In each action] Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court filed herein. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.